Luther Myers, Jr. brings this appeal after having had a directed verdict entered against him in the amount of $46,904. The Bank of Prattville filed a complaint against appellant Myers, Harry Jehle, J.K. Francis, W. Jean Hicks alleging that all were liable on a defaulted note in the amount of $32,500 plus interest, attorneys fee, and cost, with Myers being liable as the maker and the other three liable as endorsers. Myers then filed a crossclaim against his three co-defendants. Defendants Jehle, Francis, and Hicks allowed a consent judgment to be entered against them in the amount of $46,904 in favor of the bank. Myers took his case to a trial by jury with the result being that the trial court entered a directed verdict against him in the amount of $46,904 but also awarded him a judgment in the same amount against the three co-defendants on his crossclaim.
Prior to the trial the parties stipulated that Myers had in fact executed the promissory note. There also appears to be no dispute that the note is a negotiable instrument, that the Bank of Prattville is a holder in due course of the note, and that Myers had no direct dealings with the Bank.
Myers contends that there was misrepresentation on the part of Jehle, Francis, and Hicks in inducing him to sign the note. But he does not contend that he was either forced to sign the note against his will or that he was unaware that the note could be negotiated.
Title 7A, § 3-305 (2), Alabama Code of 1940 (1966), lists the defenses which are valid against a holder in due course by a party who has had no dealings with the holder, which in this case is the bank. None of these defenses was either pleaded or proved here. Thus, the prima facie case made by the Bank of Prattville has not been overcome and the directed verdict in favor of the bank is due to be affirmed.
AFFIRMED.
MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur.